# United States Bankruptcy Appellate Panel
## FOR THE EIGHTH CIRCUIT

———

No. 07-6009WM

———

| | |
|---|---|
| In re: | * |
| | * |
| Valley Food Services, LLC, | * |
| | * |
| Debtor. | * |
| | * |
| Valley Food Services, LLC, | * |
| | * |
| Plaintiff–Appellee, | * Appeal from the United States |
| | * Bankruptcy Court for the Western |
| v. | * District of Missouri |
| | * |
| Peggy J. Schoenhofer | * |
| | * |
| Defendant–Appellant. | * |

———

Submitted: September 12, 2007
Filed: October 11, 2007

———

Before KRESSEL, Chief Judge, MAHONEY and McDONALD, Bankruptcy Judges.

———

McDONALD, Bankruptcy Judge.

Peggy Schoenhofer ("Schoenhofer") appeals from the bankruptcy court's[1] order denying her motion to set aside a default judgment entered against her. We affirm.

———

[1] The Honorable Jerry W. Venters, Chief Judge, United States Bankruptcy Court for Western District of Missouri.

I.

Schoenhofer owned and operated a Kentucky Fried Chicken franchise in Wichita, Kansas. Debtor, Valley Food Services, LLC ("Valley Food"), entered into a distribution agreement with Schoenhofer whereby Valley Food agreed to provide Schoenhofer with food products for her Kentucky Fried Chicken restaurant (the "Distribution Agreement").

Valley Food filed a petition for relief under Chapter 11 of the Bankruptcy Code on February 14, 2006. Valley Food, as the debtor-in-possession, filed an adversary complaint on April 25, 2006, against Schoenhofer (the "Adversary Complaint").[2] Valley Food properly served Schoenhofer with the Adversary Complaint.

Valley Food asserted three counts in the Adversary Complaint. Count I is an action for an "open account" in which Valley Foods claims that Schoenhofer owes it $33,782.44 for goods it delivered to her under the Distribution Agreement. Valley Food maintained in Count II that Schoenhofer would be unjustly enriched if she were allowed to retain the benefit of the goods without paying for them. Valley Food argued in Count III that the $33,782.44 that Schoenhofer owes it under the Distribution Agreement is property of the bankruptcy estate, and therefore Schoenhofer was obligated to turnover that amount under 11 U.S.C. §542(a).

Valley Food served the Adversary Complaint by mail on Schoenhofer on May 4, 2006. Schoenhofer did not timely file an answer to the Adversary Complaint. Schoenhofer, however, did provide a copy of the Adversary Complaint to her attorney, Michael Jones.

---

[2] The case was converted to a proceeding under Chapter 7 sometime after Valley Food filed the Adversary Complaint, and Maureen Scully, the Chapter 7 Trustee, was substituted as the Plaintiff.

Jones contacted Valley Food's attorney in a letter dated June 1, 2006. Jones stated in the June 1 letter that Valley Food had placed Schoenhofer on a cash only basis in the fall of 2005, and therefore there was no possibility that Schoenhofer owed Valley Food for any product it had already delivered to her. Jones also requested in the June 1 letter that Valley Food provide him additional time to file an answer to the Adversary Complaint. Valley Food's attorney consented to Jones' request for additional time and gave him 20 additional days to file an answer.

Jones, however, failed to file an answer on behalf of Schoenhofer within the 20 day extension or at any time thereafter. Additionally, neither Schoenhofer nor Jones appeared at a August 8, 2006 pre-trial conference set by the bankruptcy court. Valley Food filed a motion on September 20, 2006 for a default judgment against Schoenhofer under Fed. R. Civ. P. 55(b)(2).[3]

The bankruptcy court granted Valley Food's motion for a default in an order dated October 5, 2006 and entered judgment in favor of Valley Food (the "Default Judgment"). In the Default Judgment, the bankruptcy court awarded Valley Food $33,782.44 plus interest at 18% *per annum,* $1,600.00 in attorney's fees, and $254.64 in costs.

Valley Food provided a copy of the Default Judgment to Jones. Jones responded to the Default Judgment by submitting a letter to Valley Food dated October 14, 2006. In the October 14 letter Jones once again recited that Valley Food had placed Schoenhofer on a cash only basis and that Schoenhofer owed Valley Food nothing. Jones also remarked that if the parties could not amicably resolve the dispute, he was prepared to file a motion to set aside the Default Judgment.

_____

[3] Fed. R. Civ. P. 55 is made applicable to this proceeding by Fed.R. Bankr. P. 7055.

Valley Food and Schoenhofer did not resolve the dispute and Schoenhofer, on January 10, 2007, filed a motion to set aside the Default Judgment under either Fed. R. Civ. P. 55(c) or 60(b).[4]  Schoenhofer premised her motion to set aside on two theories.  Schoenhofer first argued that because the bankruptcy court lacked subject matter jurisdiction over the claims contained in the Adversary Complaint, the Default Judgment was a void judgment under Rule 60(b)(4).  Schoenhofer also asserted that she had demonstrated either "good cause" under Rule 55(c) or excusable neglect under Rule 60(b)(1) for her failure to file an answer to the Adversary Complaint.

The bankruptcy court denied the motion to set aside the Default Judgment in an order dated January 29, 2007.  The bankruptcy court stated in its order that it denied Schoenhofer's motion to set aside because she "willfully disregarded the entire proceeding."  Schoenhofer filed a timely notice of appeal of the bankruptcy court's order denying her motion to set aside and this appeal follows.

II.

We review the bankruptcy court's order denying the motion to set aside the default judgment for excusable neglect under Rule 60(b)(1) for an abuse of discretion. *Minnesota Supply Co. v. Raymond Co.*, 472 F.3d 524, 534 (8th Cir. 2006).  The determination of whether the Default Judgment is void under Rule 60(b)(4) because the bankruptcy court lacked subject matter jurisdiction over the claims in the Adversary Complaint is a question of law that the we review *de novo*.  *Burrell v. Henderson*, 434 F.3d 826, 831 (6th Cir. 2006).

---

[4] Fed. R. Civ. P. 60 is made applicable to the proceeding by Fed. R. Bankr. P. 9024.

III.

*A. Only Rule 60(b) applies to Schoenhofer's request for relief from the Default Judgment.*

Schoenhofer argues that she may seek relief from the Default Judgment under either Fed. R. Civ. P. 55(c) or 60(b). The relevant provision of Rule 55(c), however, provides that a default may be set aside "[f]or good cause shown...and, if judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)." Thus, once the trial court enters judgment on the default,[5] the defendant may rely only on Rule 60(b) in seeking relief from the default judgment. *Watkins v. Lindell*, 169 F.3d 540, 543-44 (8th Cir. 1999).

Here, the bankruptcy court entered the Default Judgment on October 5, 2006 and Schoenhofer did not file her motion to set aside the Default Judgment until January 10, 2007. Thus, the Default Judgment was a final judgment at the time Schoenhofer sought relief from it. Schoenhofer may, therefore, only rely upon the provisions of Rule 60(b) for relief from the Default Judgment.

*B. The Default Judgment is not a void judgment under Rule 60(b)(4).*

Schoenhofer first argues that she is entitled to relief from the Default Judgment because the bankruptcy court did not have subject matter jurisdiction over the claims in the Adversary Complaint. Rule 60(b)(4) provides that a party is entitled to relief from a judgment that is void. This provision does allow a party to obtain relief from a judgment in a case where the trial court lacks subject matter jurisdiction over the claim.

---

[5] The Court notes that a default is simply a notation entered by the clerk of the court that a defendant has failed to file an answer. Fed. R. Civ. P. 55(a).

The party seeking relief under Rule 60(b)(4), however, must demonstrate more than that the trial court simply erred in asserting subject matter jurisdiction over the claim. Rather, the party must establish under Rule 60(b)(4) that the trial court exercising jurisdiction over the claim amounted to a "plain usurpation of judicial power". *Hunter v. Underwood*, 362 F.3d 468, 475 (8th Cir. 2006). Thus, a party is only entitled to relief under Rule 60(b)(4) for want of subject matter jurisdiction if it appears from the face of the complaint that the trial court lacked subject matter jurisdiction over the claims in the complaint. *Id*.

Here, Schoenhofer argues that because there is a good faith dispute as to whether she owes Valley Food anything under the Distribution Agreement, the Adversary Complaint is simply a non-core breach of contract action that should be tried in state court. Schoenhofer contends, therefore, that the bankruptcy court lacked subject matter jurisdiction over the claims in the Adversary Complaint. We reject this argument for two reasons.

First, Schoenhofer's argument that the claims in the Adversary Complaint are non-core proceedings is not relevant to whether the Default Judgment is void for purposes of Rule 60(b)(4). The bankruptcy court has subject matter jurisdiction over any claim that is "related to" a case under title 11. 28 U.S.C. §1334(b). A claim is "related to" a bankruptcy case under §1334(b) if the outcome of the claim could have any conceivable affect upon the bankruptcy estate. *Nat'l Union Fire Ins. Co. v. Titan Energy, Inc. (In re Titan Energy, Inc.)*, 837 F.2d 325, 329-30 (8th Cir. 1988).

Here, even assuming the veracity of Schoenhofer's contention that there is a legitimate dispute as to her liability to Valley Food, the resolution of that dispute will directly affect the value of Valley Food's bankruptcy estate. Thus, the claims contained in the Adversary Complaint, therefore, are "related to" Valley Food's bankruptcy case and the bankruptcy court had subject matter jurisdiction over those claims under 28 U.S.C. §1334(b).

Schoenhofer argues for the first time in her reply brief that even assuming that the bankruptcy court had "related to" jurisdiction over the claims in the Adversary Complaint, it still lacked jurisdiction over those claims because it should have exercised its discretion to abstain from hearing those claims as provided by 28 U.S.C. §1334(c)(1). An appellate court may not review an issue that the appellant first raises in a reply brief unless the appellant offers a valid reason for failing to raise the issue in its initial brief.[6] *Nebraska Plastics, Inc. v. Holland Colors Am., Inc.*, 408 F.3d 410, 421 n.5 (8th Cir. 2005).

Schoenhofer offered no reason in either her reply brief or at oral argument why she failed to include her permissive abstention argument under 28 U.S.C. §1334(c)(1) in her initial brief. This Court, therefore, will not review that claim on appeal.

A second reason why we reject Schoenhofer's claim that the Default Judgment is void is that the allegations contained in Count III of the Adversary Complaint properly invoked the subject mater of the bankruptcy court under 28 U.S.C. §1334(b) as a case "arising under title 11." Valley Food's allegations contained in Count III of the Adversary Complaint clearly recite that the amount that Schoenhofer owed it under the Distribution Agreement was property of the bankruptcy estate so that Schoenhofer was obligated to turnover that amount to Valley Food under 11 U.S.C. §542(a). Thus, the bankruptcy court's exercise of subject matter jurisdiction over the Adversary Complaint is not facially deficient and not a "plain usurpation of judicial power" for purposes of Rule 60(b)(4). Accordingly, the Default Judgment is not a void judgment and Schoenhofer is not entitled to relief from it under Rule 60(b)(4).

---

[6] We do note, however, that Schoenhofer's argument here confuses the question of whether a court has subject matter jurisdiction over a claim with the question of whether the court should abstain from exercising that jurisdiction. *See Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 711 (1996).

*C. Schoenhofer is not entitled to relief under Rule 60(b)(1).*

Schoenhofer also maintains on appeal that the bankruptcy court erred in refusing to set aside the Default Judgment because she demonstrated "good cause" for doing so. Schoenhofer fails to identify what specific provision of Rule 60(b) entitles her to relief from the Default Judgment on this point. It appears, however, that she is arguing that she is entitled to relief under the excusable neglect standard contained in Rule 60(b)(1). The bankruptcy court rejected this argument because it found that Schoenhofer willfully disregarded the entire proceeding. The record amply supports the bankruptcy court's conclusion.

Rule 60(b)(1) states that a district court may relieve a party from a judgment for "mistake, inadvertence, surprise, or excusable neglect." The court should examine the following factors when considering whether to relieve a party from a default judgment under the excusable neglect prong of Rule 60(b)(1):

(1) danger of prejudice to non-moving party; (2) length of delay and its potential impact on judicial proceedings; (3) reason for delay, including whether it was within movant's control; (4) whether movant acted in good faith, and (5) whether the defendant has a meritorious defense. *Freeny v. AT&E*, 472 F.3d 560, 562-63 (8th Cir. 2006).

The analysis under the excusable neglect standard is inherently equitable so that no one factor is dispositive. *Id*. at 563. A willful flouting of the time requirements contained in the rules of civil procedure or established by a court order, however, weighs strongly against a finding of excusable neglect. *Id*. Thus, a party generally is not entitled to relief under Rule 60(b)(1) for excusable neglect when it was aware of a deadline but willfully disregards it. *Warfield v. Byron*, 436 F.3d 551, 556 (5th Cir. 2006); *S.E.C. v. McNulty*, 137 F.3d 732, 738-39 (2d Cir. 1998); *Calumet Lumber, Inc. v. Mid-American Indus., Inc.*, 103 F.3d 612, 614-15 (7th Cir. 1997).

Here, Schoenhofer concedes that she was properly served with the Adversary Complaint in May 2006. She provided both the summons and a copy of the Adversary Complaint to her counsel. Her counsel contacted Valley Food's counsel in July 2006 and requested 20 additional days to file an answer, and Valley Food consented to that request. Despite this additional time to file an answer, Schoenhofer chose to simply ignore the requirement to file an answer and the August 8, 2006 pre-trial conference set by the bankruptcy court. Further, there is nothing in the record that explains why Schoenhofer failed to file an answer or appear at the pre-trial conference apart from the fact that she and her counsel simply chose not to do so.

This record establishes that Schoenhofer was aware of the proceeding and its gravity but willfully ignored the requirement to file an answer and to obey the bankruptcy court's pre-trial conference without any excuse. Given this record, we find that the bankruptcy court acted well within its discretion in finding that Schoenhofer was not entitled to relief from the Default Judgment under the excusable neglect prong of Rule 60(b)(1).

## IV.

The Adversary Complaint sufficiently invoked the subject matter jurisdiction of the bankruptcy court. Thus, the Default Judgment is not a void judgment under Rule 60(b)(4). Also, the record establishes that Schoenhofer willfully disregarded the time requirement to file an answer to the Adversary Complaint and the bankruptcy court's order that set the pre-trial conference. Accordingly, the bankruptcy court did not abuse its discretion in denying Schoenhofer's motion for relief from the Default Judgment under the excusable neglect provision of Rule 60(b)(1). We, therefore, affirm the order of the bankruptcy court denying Schoenhofer's motion to set aside the Default Judgment.

———————————————